IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHY WOLFE,                                CV 07-1093-MA

        Plaintiff,                     OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

        Defendant.

RORY LINERUD
P.O. BOX 1105
Salem, OR 97308
(503) 587-8776

        Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1158

1 - OPINION AND ORDER

DAVID MORADO
Regional Chief Counsel
LEISA A. WOLFE
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-3621

      Attorneys for Defendant

MARSH, Judge.

    Plaintiff Kathy Wolfe seeks judicial review of the final decision of the Commissioner denying her October 16, 2002, application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34.  Plaintiff claims she is disabled because of lumbar disc disease, chronic pain, plantar fasciitis, sleep apnea, diabetes with neuropathy in the hands and feet, and right knee pain.

### PROCEDURAL HISTORY

    Plaintiff's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) conducted a hearing and, on January 28, 2005, issued a decision finding plaintiff suffered from degenerative disc disease, diabetes, neuropathy, and depression, that are severe impairments.  The ALJ, however, also found plaintiff was not disabled because she retained the residual functional capacity to perform light work that did not include exposure to a hazardous environment, which included her past relevant work as a security guard.

2 - OPINION AND ORDER

The ALJ's decision became the final decision of the Commissioner on June 11, 2005, when the Appeals Council denied plaintiff's request for review.

On June 20, 2005, Plaintiff filed an action for review of that decision in this court. Wolfe v. Barnhart, CV 05-895-JE. On May 15, 2006, Magistrate Judge Jelderks issued a Findings and Recommendation recommending that the Commissioner's final decision denying benefits be reversed and the matter be remanded to the Commissioner for further proceedings.

Judge Jelderks noted the ALJ's finding at Step Four of the disability analysis that plaintiff could perform her past relevant work as a security guard was inconsistent with the ALJ's analysis in the body of his decision that plaintiff "lacked the residual functional capacity to perform her past relevant work." In addition, Judge Jelderks concluded that the ALJ's analysis that plaintiff was limited to light work with no exposure to hazardous conditions was inconsistent with the ALJ's subsequent finding that plaintiff could do other work, including "small products assembler", which would involve exposure to hazardous conditions, and "hand packager," which involves a medium level of exertion.

Based on these errors, Judge Jelderks concluded the appropriate remedy was to remand for further proceedings to resolve whether other work exists within plaintiff's residual

3 - OPINION AND ORDER

functional capacity.  Judge Jelderks recommended that, on remand, the ALJ should: (1) exclude from consideration any of plaintiff's past relevant work; (2) consider whether plaintiff's impairment related to bilateral carpal tunnel syndrome would impact her ability to perform light production work; and (3) consider whether plaintiff's "slight" difficulty in interacting appropriately with supervisors and co-workers and responding appropriately to work pressures would impact her ability to engage in substantial gainful activity.

Neither party objected to the Findings and Recommendation. Accordingly, on July 17, 2006, following a de novo review of the legal principles applied by Judge Jelderks, the court issued an Order adopting his Findings and Recommendation and entered a Judgment of Remand consistent with it.

## THE REMAND PROCEEDING

On December 28, 2006, during the course of the remand, plaintiff was asked whether she suffered from any other serious medical conditions she had not previously identified.  She responded that she suffers from post-traumatic stress disorder and dysthymic disorder and authorized the release of psycho-logical counseling records pertaining to those conditions.

On May 7, 2007, a different ALJ conducted a hearing at which plaintiff and a vocational expert testified.  On May 18, 2007,

the new ALJ issued a decision that plaintiff was not disabled and denied her claim for benefits.

At Step One, the ALJ found plaintiff had not engaged in substantial gainful activity since the onset of her alleged disability.

At Step Two, the ALJ found plaintiff has lumbar disc disease, chronic pain, plantar fasciitis, sleep apnea, diabetes with neuropathy in the hands and feet, obesity, right knee pain, dysthymic disorder, and post-traumatic stress disorder, that are severe impairments under 20 C.F.R. §404.1520(c)(an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities).

At Step Three, the ALJ found these impairments do not meet or equal a listed impairment.

The ALJ found plaintiff has the residual functional capacity to perform light work that involves lifting up to 20 lbs occasionally and 10 lbs frequently, and no overhead work. She is able to sit, stand, and walk at least six hours in an eight-hour day. She should have only occasional contact with the public, and is limited to work that requires her to follow only simple, routine, and repetitive instructions in light of her pain, depression, medications.

5 - OPINION AND ORDER

At Step Four, the ALJ, as had the first ALJ, found plaintiff is able to perform her past relevant work as a security guard.

Consistent with the above findings, the ALJ found plaintiff was not under a disability and denied her claim for benefits.

The ALJ's decision was the final decision of the Commissioner for purposes of this court's review.  On August 2, 2007, plaintiff filed the pending action challenging the Commissioner's decision on remand.

## DISCUSSION

Plaintiff asserts the Commissioner's final decision on remand should be reversed because the ALJ erred (1) in rejecting plaintiff's testimony at the second hearing, (2) in omitting some of plaintiff's limitations in determining her residual functional capacity, (3) in failing to consider plaintiff's obesity, and (4) in providing an incomplete and inadequate hypothetical to the vocational expert (VE).

The overarching issue, however, is the appropriateness of the new ALJ's decision not to follow the court's earlier remand order, which required him to exclude plaintiff's past relevant work, including that of security guard.  The ALJ disregarded the order based on his reasoning that "the claimant's lack of credibility and exaggeration of symptoms, as well as evidence that she continued to work during 2004, <u>all factors unknown to the court</u>, should allow the undersigned to formulate a new

6 - OPINION AND ORDER

residual functional capacity, as was done above." AR 416 (emphasis added).

To the contrary, Judge Jelderks was well aware of the credibility issue and specifically referred to it in his Findings and Recommendation:

> In a finding that plaintiff does not dispute in this action, the ALJ concluded that the statements of plaintiff and Ms. Hutchinson concerning plaintiff's impairments and their effects on plaintiff's ability to work were not 'entirely credible.'

F & R at 10. The new ALJ's reason for disregarding the court's Order on Remand is fundamentally flawed. Moreover, not only did the new ALJ disregard this court's order, he ignored the substance of the former ALJ's original decision, in which he specifically found plaintiff could not perform her past relevant work as a security guard regardless of credibility issues. The new ALJ's error in not following the court's carefully drawn instructions as to the scope of the remand is troubling and requires a remand of this matter yet again for further proceedings.

While this court is tempted to conclude that the Commissioner should not be allowed a third chance to get it right, the Court is also mindful of the fact that there has been no significant analysis of plaintiff's ability to work within the constraints of the court's existing remand order. Accordingly,

7 - OPINION AND ORDER

the court concludes the Commissioner should have the opportunity to review the entire record, comprised of the original record and the additional record that was compiled during the remand, and make a disability determination within the scope of the remand previously ordered by this court without further hearing or arguments, and he should do so promptly.

## CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's final decision issued May 7, 2007, and **REMANDS** this matter for further proceedings as set forth herein.

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs. *Massett v. Astrue*, 04-CV-1006 (Brown, J.)(issued June 30, 2008). *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). To ensure that any future application for attorneys' fees under § 406(b) is filed "within a

8 - OPINION AND ORDER

reasonable time" as required under Rule 60(b)(6), the Court orders as follows:  If the Commissioner finds Plaintiff is disabled on remand and awards Plaintiff past-due benefits and if, as a result, Plaintiff intends to submit such application for attorneys' fees under § 406(b), Plaintiff shall submit any such application within 60 days from the issuance of the Notice of Award by the Commissioner.

    IT IS SO ORDERED.

    DATED this 14 day of July, 2008.


                                    /s/  Malcolm F. Marsh
                                    MALCOLM F. MARSH
                                    United States District Judge

9 - OPINION AND ORDER